UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
MICHAEL A. MATLOCK,

Case # 25-10081

Plaintiff,

**COMPLAINT**

-against-

**JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
Police Officer Brenden Rogers, Shield No. 2146,
Sergeant Andre Michel, Shield No. 2637,

Defendants.
-----------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This civil rights action seeks redress for the false arrest, malicious prosecution, denial of fair trial, and abuse of process inflicted upon Plaintiff by NYPD officers who fabricated facts, initiated baseless criminal charges, arrested and incarcerated Plaintiff despite their lack of probable cause and his voluntary surrender under a prearranged agreement.

2. Plaintiff, a Florida resident since 2016, was accused of a non-existent offense involving a claim of a "missing letter" sent to his *former* New York City address. Officers made false statements concerning Plaintiff's residency in order to justify his arrest. Plaintiff voluntarily appeared at the precinct, expecting routine desk-appearance processing as promised by the NYPD, yet was instead led to and incarcerated within a filthy, nearby jail cell. Despite the lack of probable cause,

Plaintiff was prosecuted by Defendant New York City for five months until September 8, 2025 when all charges were dismissed.

3. The violations suffered by Plaintiff were not isolated events but were the foreseeable result of the City of New York's deliberate indifference to the training, supervision, and discipline of NYPD officers regarding warrant verification, voluntary surrender procedures, investigative truthfulness, and the constitutional requirements for arresting and charging individuals.

## JURISDICTION AND VENUE

4. This action arises under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

5. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper under 28 U.S.C. § 1391(b) because the events underlying Plaintiff's claims occurred within the Southern District of New York and at least one Defendant resides there.

## PARTIES

7. Plaintiff Michael A. Matlock is a citizen of the United States and resident of Key West, Florida.

8. Defendant City of New York is a municipal corporation operating the New York City Police Department ("NYPD") and responsible for its training, supervision, and policymaking.

9. Defendant Officer Brenden Rogers (Shield 2146) was at all relevant times an NYPD officer acting under color of state law.

10. Defendant Sergeant Andre Michel (Shield 2637) was at all relevant times an NYPD supervisor acting under color of state law.

## FACTUAL ALLEGATIONS

11. Plaintiff formerly lived at 832 Broadway, New York, New York, but has resided in Florida continuously since 2016.

12. On February 26, 2025, while Plaintiff was in Ottawa, Canada, Defendant Officer Rogers telephoned Plaintiff and claimed that a warrant was being issued for his arrest concerning a "missing letter" sent to his (former) New York City residence.

13. Plaintiff informed Rogers of his long-standing Florida residency.

14. Despite this information, Rogers falsely claimed that Plaintiff was a New York resident.

15. Plaintiff voluntarily agreed with NYPD to appear at the 9th Precinct for desk-appearance processing and immediate release.

16. On April 15, 2025, Plaintiff appeared voluntarily and on time.

17. Defendants arrested and incarcerated him without probable cause.

18. Plaintiff was jailed, humiliated, and prosecuted based on false and apparently fabricated allegations.

19. The charges were dismissed on September 8, 2025, as reflected by Exhibit 1 (Certificate of Disposition).

20. On or about October 15, Plaintiff served Notice of Claim upon Defendants, see Exhibit 2 (Notice of Claim without attachments) which the City Comptroller received and designated by assigning Claim No. 2025P1035318. See Exhibit 3 (Comptroller confirmation of receipt of Notice of Claim).

21. Plaintiff suffered emotional distress, reputational harm, and financial losses.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION – False Arrest / False Imprisonment (42 U.S.C. § 1983)

22. Plaintiff repeats and realleges all prior paragraphs.

23. Defendants intentionally confined Plaintiff during the April 15, 2025 arrest.

24. Plaintiff was aware of and did not consent to the confinement.

25. Defendants lacked probable cause because Plaintiff committed no crime and had long resided outside New York.

26. Plaintiff suffered loss of liberty and emotional harm.

**SECOND CAUSE OF ACTION – Malicious Prosecution (42 U.S.C. § 1983)**

27. Plaintiff repeats and realleges all prior paragraphs.

28. Defendants initiated a criminal proceeding based on fabricated allegations.

29. The criminal proceeding terminated in Plaintiff's favor on September 8, 2025.

30. Defendants acted with malice and without probable cause.

31. Plaintiff suffered constitutional injury and financial harm.

**THIRD CAUSE OF ACTION – Denial of Fair Trial / Fabrication of Evidence (42 U.S.C. § 1983)**

32. Plaintiff repeats and realleges all prior paragraphs.

33. Defendants fabricated material facts regarding Plaintiff's residency and conduct.

34. These fabrications were forwarded to prosecutors and were likely to and did influence prosecution.

35. Plaintiff suffered liberty deprivation as a result.

**FOURTH CAUSE OF ACTION – Abuse of Process (42 U.S.C. § 1983 & New York Law)**

36. Plaintiff repeats and realleges all prior paragraphs.

37. Defendants misused legal process by arresting and prosecuting Plaintiff to justify fabricated allegations.

38. Defendants acted with improper purpose and malice.

39. Plaintiff suffered damages as a result.

**FIFTH CAUSE OF ACTION – Municipal Liability (Monell – 42 U.S.C. § 1983)**

40. Plaintiff repeats and realleges all prior paragraphs.

41. The City maintained policies, customs, or practices including: (a) failure to train on voluntary surrender procedures; (b) failure to discipline officers who fabricate evidence; (c) a custom of arrests without probable cause; and (d) inadequate investigative oversight.

42. These policies were the moving force behind Plaintiff's constitutional injuries.

**SIXTH CAUSE OF ACTION–Malicious Prosecution (New York Law)**

43. Plaintiff repeats and realleges all prior paragraphs.

44. Defendants intentionally confined and prosecuted Plaintiff without privilege or probable cause.

45. Plaintiff suffered damages as a result.

## PRAYER FOR RELIEF

46. WHEREFORE, Plaintiff prays for judgment including compensatory damages, punitive damages, attorneys' fees under 42 U.S.C. § 1988, declaratory relief, and any other relief the Court deems just and proper.

**JURY DEMAND**

47. Plaintiff demands a trial by jury on all issues so triable.

DATED: New York, New York
December 4, 2025



Kent Gubrud
Attorney for Plaintiff
LAW OFFICE OF KENT GUBRUD, P.C.
315 Madison Avenue, Suite 3055
New York, NY 10017
(212) 968-8818
Email: KentGubrud@fastmail.com