UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------x

MICHAEL MATLOCK,

                PLAINTIFF,                      Case No. 1:25-cv-10081-AS

      v.

THE CITY OF NEW YORK,
POLICE OFFICER BRENDEN
ROGERS, SHIELD NO. 2146,
SERGEANT ANDRE MICHEL,
SHIELD NO. 2637,

                DEFENDANTS.

-----------------------------------------------x

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff MICHAEL MATLOCK, by his attorney, alleges as follows:

### PRELIMINARY STATEMENT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and New York law to redress the unlawful arrest, malicious prosecution, and abuse of process committed against Plaintiff Michael Matlock by officers of the New York City Police Department ("NYPD"). Plaintiff further seeks to hold the City of New York liable under *Monell* for policies, customs, and practices that caused and ratified these constitutional violations.

This action arises from Plaintiff's arrest and prosecution based on an uncorroborated accusation, despite readily available exculpatory information, and in direct contravention of written New York City Police Department ("NYPD") rules, policies, and training materials set forth in the NYPD Patrol Guide and Administrative Guide. Defendants' conduct departed from mandatory investigative duties, discretionary arrest standards, property-handling procedures, and

supervisory obligations, rendering the arrest and prosecution objectively unreasonable and unconstitutional.

Plaintiff pleads that Defendants violated the NYPD Patrol Guide as evidence of the objective unreasonableness of Defendants' conduct, the existence of supervisory ratification, and the City's deliberate indifference under *Monell*. Such internal policies are probative of what reasonable officers and supervisors are trained and expected to do under the circumstances. We do not plead such violations as creating independent causes of action.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over federal claims under 28 U.S.C. §§ 1331 and 1343.

2. This Court has supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in this District.

## PARTIES

4. Plaintiff Michael Matlock is an individual residing outside the State of New York.

5. Defendant City of New York is a municipal entity responsible for the policies, practices, and customs of the NYPD.

6. Defendant Sergeant Andre Michel was, at all relevant times, an NYPD supervisor acting under color of state law.

7. Defendant Officer Brenden Rogers was, at all relevant times, an NYPD officer acting under color of state law.

**FACTUAL ALLEGATIONS**

8. Complainant Christine Roudier claimed that she believed Plaintiff had received and stolen a letter and work permit she had sent to his NYC business address.

9. She based her theft allegation primarily upon her alleged ability to identify his signature made on a United States Postal Certificate and his failure to turn over such received mail to her.

10. Complainant failed to claim that she had contacted him about such mail or that he had ever made incriminating statements concerning such mail.

11. The Defendants failed to disclose to Plaintiff any copy of this USPS document that she alleged to prove her theft claim.

12. NYPD also failed to explain how Ms. Roudier was able or would be able to even obtain such USPS personal documents with Plaintiff's alleged signature.

13. Ms. Roudier had no lawful right to use Plaintiff's address to receive her mail.

14. Nor did complainant have any lawful right to obtain his documents from the United States Post Office.

15. Defendants failed to produce any evidence that Plaintiff had given her consent to send her mail to his office address.

16. Defendants failed to investigate readily available information showing that Ms. Roudier had repeatedly and improperly used Plaintiff's office address to receive personal mail.

17. At no time did Plaintiff steal Ms. Roudier's mail.

18. Nor does Plaintiff have any motive or reason to want to steal her Social Security mail.

19. Defendants failed or refused to produce any USPS delivery confirmation to support complainant's story.

20. Neither Plaintiff nor his office has ever received any such Social Security mail at his NYC address or anywhere else.

21. No evidence existed that Plaintiff ever signed for his own mail, which contained any such mail of complainant.

22. Despite these and many other unexplained and inconsistent facts with Ms. Roudier's uncorroborated allegation, Defendants accepted such allegations without corroboration.

23. Defendants failed to verify delivery records, address information, or other readily available exculpatory evidence.

24. When Defendant Rogers telephoned Plaintiff and claimed that he resided in NYC, Plaintiff promptly correctly explained that he lived in Florida – not New York City.

25. Defendants claimed that one or more unnamed neighbors had claimed that Plaintiff resided in New York City; however, such hearsay statements, even if made, were irrelevant to whether Plaintiff stole mail, did not establish criminal intent, and did not excuse Defendants' failure to verify readily available postal records or other objective evidence relevant to the alleged offense.

26. Defendants possessed no facts that could reasonably support Ms. Roudier's claim that Plaintiff had acted, or had any intent to act, to steal her Social Security mail or to permanently and unlawfully deprive her of such mail.

27. The undisputed facts known to Defendants affirmatively negated criminal intent.

28. At no time did Defendants possess any information corroborating the complainant's accusation.

29. NYPD Patrol Guide § 202-01 requires officers to investigate suspicious circumstances encountered during police activity.

30. Contrary to Patrol Guide § 202-01, Defendant Rogers failed to conduct any meaningful investigation, including failing to verify readily available delivery or address records.

31. NYPD Patrol Guide property-handling procedures require non-arrest processing for

misdelivered or disputed property.

32. Plaintiff's circumstances fell squarely within those categories, yet Defendants effectuated a custodial arrest.

33. Despite the lack of probable cause, Defendants arrested Plaintiff, subjecting him to custodial detention in a holding cell with other arrestees for more than three hours.

34. Defendants arrested Plaintiff regarding a non-violent offense, knew his identity, and possessed no information indicating that he presented a flight risk or danger to the community.

35. Plaintiff satisfied all objective DAT criteria, including the non-violent nature of the charges, confirmed identity, lack of flight risk, and availability for court appearances.

36. Accordingly, Plaintiff was presumptively eligible for a Desk Appearance Ticket under NYPD policy as Plaintiff's attorney discussed and agreed to with Defendant Michel.

37. Defendant Sergeant Michel approved the arrest without requiring corroboration or reassessment of probable cause.

38. Defendants initiated a criminal prosecution based on the same deficient and uncorroborated purported evidence of probable cause.

39. Even after Plaintiff was released, he continued to be seized for purposes of the Fourth Amendment based upon his mandatory court appearances, travel restrictions, bail conditions, and ongoing obligation to defend against charges.

40. Exculpatory information became available to Defendants during the pendency of the case.

41. Defendants failed to reassess probable cause and continued the prosecution.

42. At no time did Defendants disclose or correct the absence of probable cause to the prosecuting authority, despite their continuing obligation to do so once exculpatory facts became known.

43. Defendants' failure to correct or disclose the absence of probable cause foreseeably caused the continued prosecution.

44. The criminal proceeding ultimately terminated in Plaintiff's favor.

## COMPARISON TO GOVERNING NYPD RULES

45. Defendants' conduct departed from NYPD rules as follows:

(a) Failure to investigate contrary to Patrol Guide § 202-01;

(b) Arrest despite property-handling rules favoring non-custodial resolution;

(c) Failure to utilize DAT discretion;

(d) Supervisory ratification contrary to Administrative Guide obligations.

46. The foregoing and subsequent factual allegations plausibly plead each element of false arrest, malicious prosecution, supervisory liability, and municipal liability, including the absence of probable cause, existence of malice, continuation of prosecution, personal involvement, policy deviation, and causation.

## MUNICIPAL LIABILITY (MONELL)

47. The City of New York maintained written policies governing investigation, discretion, and supervision.

48. Defendants acted contrary to those policies, and supervisors approved or tolerated such conduct.

49. Defendants' superficial steps of investigation were treated as sufficient within the NYPD, reflecting a custom of tolerating arrests unsupported by legally adequate probable cause.

50. The City's failure to discipline or correct such conduct constitutes deliberate indifference to the rights of persons such as Plaintiff.

51. The constitutional violations alleged were a predictable consequence of the City's tolerance of arrests made without required investigation or corroboration.

## FIRST CAUSE OF ACTION
### (False Arrest – 42 U.S.C. § 1983)

52. Defendants arrested Plaintiff without a warrant and without probable cause and in violation of New York statutes.

53. Defendants' violations of the NYPD Patrol Guide are probative of the objective unreasonableness of their conduct under the Fourth Amendment.

54. The arrest constituted an unreasonable seizure in violation of the Fourth Amendment.

55. No reasonable officer could have concluded probable cause existed under these circumstances.

## SECOND CAUSE OF ACTION
### (Malicious Prosecution – 42 U.S.C. § 1983)

56. Defendants initiated and continued a criminal proceeding and prosecution against Plaintiff.

57. Defendants provided false or incomplete information to prosecutors or failed to correct known deficiencies.

58. As a result, prosecutors continued the case in reliance on Defendants' false or incomplete information.

59. The court or jury should infer **malice** from Defendants' continuation of this prosecution despite exculpatory facts.

60. The proceeding lacked probable cause and was continued with malice or reckless disregard.

61. Plaintiff suffered deprivation of liberty as a result.

62. The proceeding terminated in Plaintiff's favor.

## THIRD CAUSE OF ACTION
### (Municipal Liability – Monell)

63. Defendants acted pursuant to policies, customs, and practices of the City of New York.

64. NYPD officers receive training on probable cause, arrest discretion, and the use of Desk Appearance Tickets.

65. Defendants effected arrests based on uncorroborated accusations in circumstances where NYPD rules required investigation and corroboration.

66. Defendant Michel approved or ratified unconstitutional arrest decisions in a supervisory capacity.

67. Sergeant Michel had the authority and ability to stop the arrest and incarceration but failed to do so despite known deficiencies.

68. Plaintiff lodged complaints with NYPD Internal Affairs concerning officer misconduct.

69. Such complaints were dismissed or minimized without the imposition of discipline or corrective action. This practice was consistent with NYPD's tolerance and ratification of arrests made without required investigation or corroboration, and was known to or should have been known to supervisory and policymaking officials.

70. Despite NYPD's obligation to maintain website that makes full disclosure of complaints and findings of misconduct, the NYPD does in fact fail to record or disclose such complaints of arrests based on uncorroborated accusations, thereby signaling approval of such practices.

71. These failures constituted deliberate indifference to constitutional rights.

72. Upon information and belief, similar arrests by Defendants based on uncorroborated accusations occur with frequency.

73. Plaintiff's injuries were the foreseeable result of these municipal policies and customs.

**FOURTH CAUSE OF ACTION**
**(False Arrest – New York Law)**

74. Defendants falsely arrested Plaintiff under New York law.

75. Plaintiff complied with all applicable notice-of-claim requirements, or such requirements were tolled or excused.

**FIFTH CAUSE OF ACTION**
**(Malicious Prosecution – New York Law)**

76. Defendants' continuation of the prosecution despite known exculpatory facts permits a reasonable inference of malice.

77. Defendants maliciously prosecuted Plaintiff in violation of New York law.

78. Plaintiff satisfied all conditions precedent to bringing these claims.

**DAMAGES**

79. Defendants acted with reckless and callous indifference to Plaintiff's federally protected rights.

80. Plaintiff suffered loss of liberty, emotional distress, reputational harm, legal expenses, and other damages and irreparable harm.

**JURY DEMAND**

81. Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants for:

a. Compensatory damages;

b. Punitive damages against individual defendants;

c. Costs and attorneys' fees under 42 U.S.C. § 1988;

d. Such other relief as the Court deems just and proper.

DATED: New York, New York

January 8, 2026

Kent Gubrud

Attorney for Plaintiff,

LAW OFFICE OF KENT GUBRUD, P.C.

315 Madison Avenue, Suite 3055, New York, NY 10017

(212) 968-8818 Email: KentGubrud@fastmail.com