

**THE CITY OF NEW YORK**

**STEVEN BANKS**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**JEFFREY NOLL**
*Assistant Corporation Counsel*
jnoll@law.nyc.gov
Phone: (212) 356-2617

March 2, 2026

**By ECF**
Honorable Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

GRANTED. The conference is adjourned. The parties should advise the Court when they're prepared for a conference.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 20.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 2, 2026

Re: *Michael Matlock v. City of New York et al.*, 25 CV 10081 (AS)

Your Honor:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for the City of New York (the "City") in the above-referenced action. The City writes, with the consent of Plaintiff's counsel, Kent Gubrud, Esq., to respectfully request an adjournment of the initial conference currently scheduled for March 3, 2026 at 11:30 a.m., until such date convenient for the Court after the City has filed its response to the amended complaint and the parties have attempted mediation in accordance with Local Rule 83.10[1]. This is the first request for an adjournment of the initial conference.

On December 4, 2025, Plaintiff filed the complaint alleging federal and state law claims of false arrest and malicious prosecution, and a federal claim of municipal liability against the City. See ECF Docket No. 2. Plaintiff alleges, inter alia, that the criminal case brought against him was dismissed in his favor, and thus the documents related to Plaintiff's arrest and prosecution are sealed pursuant to NY CPL §160.50. Plaintiff's Complaint, ECF Docket No. 9, at ¶ 44. This case was assigned to participate in Local Civil Rule 83.10 on December 5, 2025. On January 8, 2026, Plaintiff filed an amended complaint and, according to the docket, the City, Brenden Rogers, and Andre Michel were served on January 29, 2026. ECF Docket Nos. 9 and 11-13. On February 20, 2026, Plaintiff filed proposed certificates of default. See ECF Docket Nos.14-19.

As an initial matter, Plaintiff has not served Defendants with the NY CPL §160.50 authorization to unseal the documents related to his arrest and prosecution. Service of such an

---

[1] The City apologizes for its failure to comply with the Court's Individual Rules requiring that extension requests be filed two business days in advance of the filing date.

authorization is required under Local Civil Rule 83.10(c,) and each Defendants' time to respond to the amended complaint does not begin to run until the service of the NY CPL §160.50 authorization. See Local Civil Rule 83.10(c). Therefore, Defendants are not in default. The City has asked Plaintiff's counsel to withdraw the proposed certificates of default in light of Local Civil Rule 83.10, and Plaintiff's counsel is considering that request.

On March 2, 2026, Defendants provided Plaintiff's counsel with a blank the CPL §160.50 unsealing authorization, and Plaintiff's counsel indicated that he will return the authorization promptly.

Because Defendants' time to respond to the amended complaint has not commenced under Local Civil Rule 83.10, Defendants respectfully request an adjournment of the initial conference scheduled for March 3, 2026 at 11:30 a.m., until a time convenient to the Court after such time as 1) Plaintiff has served Defendant with a CPL §160.50 unsealing authorization and 2) Defendants have responded to the amended complaint, and the parties have attempted mediation in accordance with Local Rule 83.10.

I thank the Court for its consideration.

Respectfully submitted,

/s/ *Jeffrey Noll*
Assistant Corporation Counsel
Special Federal Litigation Division

CC: All Counsel by ECF